**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:**  Kathleen Powell, | ) **Bankruptcy No.** 21-22589-GLT ) |
| **Debtor,** | ) **Chapter** 13 |
| WBL SPO II, LLC, | ) |
| **Movant,** | ) **Related Document No.** 47-46 |
| vs. | ) |
| Kathleen Powell, William Powell, and Ronda J. Winnecour, Chapter 13 Trustee, | ) **Hearing Date:** 07/27/22 @ 10:00 a.m. ) **Response Due:** 07/05/22 ) |
| **Respondents.** | ) **Document No.** |

### RESPONSE TO MOTION OF WBL SPO II, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND CO- DEBTOR STAY

**AND NOW,** comes the Debtor, Kathleen Powell, by and through her counsel of record, Calaiaro Valencik and Donald R. Calaiaro, and present the following in Response to the Motion of WBL SPO II, LLC for Relief from the Automatic Stay and Co-Debtor Stay:

### I. PARTIES

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.

### II. JURISDICTION AND VENUE

5. Admitted.
6. Admitted.
7. Admitted.
8. Denied as stated. This is a motion not an objection.

## III. RELEVANT FACTS

9. Admitted.

10. This paragraph contains a conclusion of law to which the respond should not be required to plead. If, however, a response is deemed necessary then the same is denied with strict proof demanded. The Movant is not secured. The owner of the property, William Powell, did not sign the mortgage. The Movant induced his son, William Powell, to sign the mortgage. The co-debtor was not aware of this transaction when it was executed.

11. Admitted that the Movant loaned money to Black & Gold Warehouse, LLC.

12. Denied. Debtor's Husband, William J. Powell, did not execute any such documents and is not a party to this transaction.

13. Denied for the same reason as the previous paragraph.

14. Denied as stated. Black & Gold Warehouse, LLC used the proceeds, Debtor did not. The Debtor is not an owner of Black & Gold Warehouse, LLC. The owner of Black & Gold Warehouse, LLC is Debtor's adult daughter, Christy Irene Powell.

15. This paragraph contains a conclusion of law to which the respond should not be required to plead. If, however, a response is deemed necessary then the same is denied with strict proof demanded. The Movant is not secured. The owner of the property, William Powell, did not sign the mortgage. The Movant induced his son, William Powell, to sign the mortgage. The co-debtor was not aware of this transaction when it was executed.

16. Any default was caused by the loss of their state beer license and the global pandemic of COVID-19.

17. Admitted it was filed. Denied it was accurate. As previously stated, William Powell, the husband of the Debtor did not execute any of the documents in question and therefore, no perfected security interest ever attached to the Defendant's residence at 136 S 20th Street, Pittsburgh, PA 15203.

18. Admitted it was entered by default. The owners of the property were moving to open the default judgment with good defenses but chose to file this bankruptcy due to the imminent foreclosure sale. There has not been an adjudication on the merits. The amount claimed is excessive and disputed by Black & Gold Warehouse, LLC. By way of further denial, the amounts claimed by the Movant do not appear to give proper credit for payments and a $6,000.00 charge made by the Movant. The Respondent demands an accounting of the amounts claimed.

19. Admitted.

20. Denied because the judgment was based on false and inaccurate statements. William Powell never executed the documents, so no mortgage exists. William Powell did not agree to the excessive interest charges. William Powell did not agree to pay Movant's attorney fees. William Powell is not indebted to the Movant.

21. Admitted.

22. Admitted. By way of further response, this is a commercial loan that is not secured by the Powell's residence. William Powell did not execute the documents. A perfected mortgage does not exist. William Powell is not a party to this transaction.

23. Denied as stated. This mortgage is not perfected. William Powell is not a party to this transaction.

24. Admitted.

25. The Debtor can raise defenses to this claim in this motion for relief.

26. Denied as stated. The Debtor has paid in $100.00.

27. Denied as stated. As of June 30, 2022, the Debtor was in arrears $3,900.00 which would require $72.22 to amortize over the remaining 54 months of the plan. The Debtor is preparing to file an amended Chapter 13 Plan reflecting her dramatically reduced income.

28. Admitted.

29. Admitted.

30. This paragraph contains a conclusion of law to which the respond should not be required to plead. If, however, a response is deemed necessary then the same is denied with strict proof demanded.

### A. Relief From the Automatic Stay and Co-Debtor Stay Pursuant to 11 U.S.C. §362(d)(1), (4) and §1301(c)

31. Debtor incorporates by reference the responses in paragraphs 1 through 30 as if fully set forth.

32. The text of the bankruptcy code speaks for itself. Denied it is applicable here.

33. The case law is admitted. Denied it is applicable here. There is no cause here. The Movant is not a secured perfected creditor.

34. The Movant is not entitled to payments as a secured creditor.

35. Denied. The Movant's "mortgage" is not perfected and therefore not a lien on the Debtor's residence.

36. This paragraph contains conclusions of law to which the respond should not

be required to plead. If, however, a response is deemed necessary then the same is denied with strict proof demanded. By way of further response, the debtor filed this case to stop an improper foreclosure on an invalid unperfected mortgage. The Debtor has a right to protect her equity and dispute an invalid debt.

37. This paragraph contains a conclusion of law to which the respond should not be required to plead. If, however, a response is deemed necessary then the same is denied with strict proof demanded. By way of further response, the Debtor filed this case to stop an improper foreclosure on an invalid unperfected mortgage. The Debtor has a right to protect her equity and dispute an invalid debt.

38. This paragraph contains a conclusion of law to which the respond should not be required to plead. If, however, a response is deemed necessary then the same is denied with strict proof demanded. By way of further response, the debtor filed this case to stop an improper foreclosure on an invalid unperfected mortgage. The Debtor has a right to protect her equity and dispute an invalid debt. This motion is a scheme by the Movant to attempt to enforce an unperfected mortgage and collect usurious interest rates.

39. The text of the bankruptcy code is admitted. But additionally, the Movant has no claim against the co-debtor, William Powell, as he signed none of these documents.

40. Denied. William Powell, the husband of the Debtor, did not execute the documents in question. He is not a co-debtor. He is not a party to the transaction. Movant does not have a perfected mortgage.

**WHEREFORE,** the Debtor requests that this Honorable Court enter an appropriate order and deny WBL SPO II, LLC's Motion for Relief from the Automatic Stay and Co-

Debtor Stay.

### B. Relief From the Automatic Stay and Co-Debtor Stay Pursuant to 11 U.S.C. §362(d)(2) and §1301(c)

41. Debtor incorporates by reference the responses in paragraphs 1 through 40 as if fully set forth.

42. The text of the bankruptcy code is admitted but if Movant does not have a valid perfected security interest, then this section and this motion are irrelevant and this motion should be denied. William Powell is not a co-debtor, he is not a party to the transaction as he did not sign the mortgage or other paperwork.

43. The text of the bankruptcy code is admitted. But additionally, the Movant has no claim against the co-debtor, William Powell, as he signed none of these documents.

44. Denied. The Movant's "mortgage" is not perfected and therefore not a lien on the Debtor's residence. The co-owner did not sign the mortgage and is not a party to this transaction. The Debtor and co-owner have approximately $60,000.00 equity in this property.

45. The case law is admitted. The Debtor can propose a viable Chapter 13 Plan. The Debtor is considering an amended plan.

46. Denied. The Debtor can propose a viable Chapter 13 Plan. The Debtor is considering an amended plan that is reflective of her current income.

47. Denied for the reasons set forth above.

**WHEREFORE,** the Debtor requests that this Honorable Court enter an appropriate order and deny WBL SPO II, LLC's Motion for Relief from the Automatic Stay and Co-

Debtor Stay as William Powell is not a co-debtor.

                                                **Respectfully submitted,**

**Dated:** July 5, 2022                     **BY:** /s/ Donald R. Calaiaro
                                                **Donald R. Calaiaro, Esquire**
                                                **PA I.D. #27538**
                                                dcalaiaro@c-vlaw.com
                                                **CALAIARO VALENCIK**
                                                **938 Penn Avenue, Suite 501**
                                                **Pittsburgh, PA  15222-3708**
                                                **(412) 232-0930**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy No.** 21-22589-GLT |
| Kathleen Powell, | ) |
|         **Debtor,** | ) **Chapter** 13 |
| WBL SPO II, LLC, | ) |
|         **Movant,** | ) **Related Document No.** 47-46 |
| vs. | ) |
| Kathleen Powell, William Powell, and Ronda J. Winnecour, Chapter 13 Trustee, | ) **Hearing Date:** 07/27/22 @ 10:00 a.m. ) **Response Due:** 07/05/22 ) |
|         **Respondents.** | ) **Document No.** |

## CERTIFICATE OF SERVICE OF RESPONSE TO MOTION OF WBL SPO II, LLC FOR RELIEF FROM THE AUTOMATIC STAY AND CO- DEBTOR STAY

I certify under penalty of perjury that I served the above captioned pleading on the parties at the addresses specified below or on the attached list on July 5, 2022.

William M. Buchanan on behalf of Creditor WBL SPO I, LLC
wbuchanan@cohenseglias.com, williammbuchanan@yahoo.com;ddefoor@cohenseglias.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Ronda J. Winnecour
cmecf@chapter13trusteewdpa.com

Mr. and Mrs. William Powell, 136 S. 20th Street, Pittsburgh, PA 15203

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: First-Class Mail or Electronic Notification

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:** July 5, 2022      /s/ Donald R. Calaiaro
      **Donald R. Calaiaro, Esquire**
      **PA I.D. #27538**
      dcalaiaro@c-vlaw.com
      **CALAIARO VALENCIK**
      **938 Penn Avenue, Suite 501**
      **Pittsburgh, PA  15222-3708**
      **(412) 232-0930**